

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

Gerald C. Mann
XXXXXXXXXDXXXXX
ATTORNEY GENERAL

Hon. Ralph Brock
County Attorney
Lubbock County
Lubbock, Texas

Dear Sir:

Opinion No. O-4880
Re: Under the facts submitted is
the Southern Lloyds Fire Insurance
Company of San Antonio, Texas, eli-
gible to write fire insurance on
the Lubbock Independent School Dis-
trict buildings?

Your letter of September 24, 1942, requesting the opinion of this department on the above stated question reads as follows:

"I have been requested by A. C. Jackson, Busi-
ness Manager of the Lubbock Independent School
District, Lubbock, Texas, to secure an opinion as
to whether the Southern Lloyds Fire Insurance Com-
pany of San Antonio, Texas, is eligible to write
fire insurance on the Lubbock Independent School
District buildings, the Lubbock Independent School
District being an independent school district or-
ganized under the laws of the State of Texas.

"Under Article 4860A-8 of Vernon's Annotated
Civil Statutes, it provides that a mutual company
may write insurance upon such corporations as the
Lubbock Independent School District, however, in
the recent case of Lewis Vs. Independent School
District of Austin, et al, 161 S.W.2nd, 450, the
Supreme Court held that this article was unconsti-
tutional by reason of Section 52 of Article 3 of
the Constitution of the State of Texas.

"It is my understanding that the Southern
Lloyds is not a mutual company. In a letter sub-
mitted to Mr. Jackson by the Southern Lloyds, they
make this statement:

"'The policy holders of such Lloyds are not
subject to an assessment. In no case and under no
circumstances will a policy holder of Lloyds ever
be subject to an assessment. The first, last and
only costs to a policy holder of Lloyds organiza-
tion, whether it be Southern Lloyds or any other
Lloyds, is the advance premium paid.

"There are four (4) general types of insurance carriers; the Stock Company, the Lloyds, the Mutual Company and the Reciprocal or Inter-Insurance Exchange. The first two of these companies, the Stock Company and the Lloyds are privately owned enterprises, owned by their stockholders. The commonly accepted name for owners of the Stock Company is Stock Holders, and Lloyds Underwriters. The principal difference between the two is in the name. They are both associations of individuals for the purpose of doing an insurance business. No policy holder of a stock company or a Lloyds is ever subject to an assessment.

"Under the other two classifications, the Mutual and the Reciprocal, there are no stockholders nor private owners. The entire assets belong to the policy holders. The policy holders own the company and while some states make provisions for the waiving of the assessment feature of these two types of policies, it remains a fundamental fact that the policy holder owns the company and whether or not he is legally liable for all debts, it would seem reasonable that since the policy holders own the company, he should also owe the debts.

"The Southern Lloyds is a Texas institution, organized and operated under the Texas Insurance laws, which makes it different in operation form from the Lloyds of London. The fact is that the Southern Lloyds has its stock, its surplus fund and its reserves and these three things are the protective features that are found in any good and reliable insurance organization.

"The principal difference between the Southern Lloyds and a stock company is the name. The Southern Lloyds could call itself a stock company if it wished, but since a Lloyds is generally known as a Lloyds and not a stock company, we do not call ourselves the Southern Lloyds Stock Insurance Company but simply the Southern Lloyds.'

"I give you the above quotations from a letter addressed to Mr. A. C. Jackson, Business Manager Lubbock Schools, Lubbock, Texas for the purpose to show you the status of the Southern Lloyds as to whether same is a mutual or in fact a stock company.

"I take the position that inasmuch as the Southern Lloyds meet the requirements of a stock company that they are eligible to write such insurance upon the properties of the Lubbock Independent School District, however, I would appreciate it if you would furnish me with your opinion on such question.

We have been informed by a representative of the State Insurance Department that the Southern Lloyds Fire Insurance Company of San Antonio, Texas, is not a mutual insurance company but a Lloyds insurance company as indicated by the name.

The case of Lewis vs. Independent School District of Austin, et al, 161 S.W.2nd 450, among other things holds that the Independent School District of Austin is not authorized to have the properties of the School District insured by a mutual company. As the Southern Lloyds Fire Insurance Company of San Antonio is not a mutual insurance company but a Lloyds insurance company the opinion of the Court in the above mentioned case does not prohibit Independent School Districts from insuring their properties with a Lloyds insurance company.

We have made a careful search of the statutes and constitutional provisions of this State and fail to find any statutory or constitutional provision prohibiting Independent School Districts from insuring their properties with companies of the class and kind of company or companies as the Southern Lloyds Fire Insurance Company of San Antonio. Therefore, it is the opinion of this department that the Southern Lloyds Fire Insurance Company of San Antonio is eligible to write fire insurance on the Lubbock Independent School District's buildings.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED OCT 5, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

AW:mp:wb